**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>BRIANNA BETH BORGA,<br><br>Defendant-Appellant. | No. 16-10470<br><br>D.C. No. 4:16-cr-00217-CKJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted September 26, 2017[**]

Before:     SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Brianna Beth Borga appeals from the district court's judgment and

challenges the 36-month sentence imposed following her guilty-plea conviction for

importation of a quantity of methamphetamine, in violation of 21 U.S.C. §§ 952(a)

and 960(a)(1) and (b)(3).  We dismiss.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Borga argues that the district court procedurally erred by miscalculating the Guidelines range. The government contends that this appeal is barred by a valid appeal waiver. We review de novo whether a defendant has waived her right to appeal. *See United States v. Harris,* 628 F.3d 1203, 1205 (9th Cir. 2011). The terms of the appeal waiver in Borga's plea agreement unambiguously encompass the claims raised in this appeal. *See id.* at 1205-06. Contrary to Borga's contention, the record reflects that she waived her appellate rights knowingly and voluntarily. *See United States v. Watson,* 582 F.3d 974, 986-87 (9th Cir. 2009). Accordingly, we dismiss pursuant to the valid waiver. *See Harris,* 628 F.3d at 1207.

**DISMISSED.**